IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

EBDANASSR ALEBW,

Petitioner,

v.

ARNALDO HERNANDEZ,
*Superintendent, Anchorage
Correctional Facility*, et al.

Respondents.

Case No. 3:26-cv-00228-SLG

## ORDER ON PETITION FOR WRIT OF HABEAS CORPUS

Before the Court at Docket 1 is Petitioner Ebdanassr Alebw's Petition for Writ of Habeas Corpus. Petitioner concurrently filed an application for an order to show cause,[1] which the Court granted on June 11, 2026.[2] On June 15, 2026, Federal Respondents filed a return on the order to show cause,[3] to which Petitioner replied on June 17. 2026.[4]

## BACKGROUND

On December 28, 2024, Petitioner, a citizen of Syria, entered the United States seeking refuge and asylum.[5] Shortly after entering the United States,

---

[1] Docket 4.

[2] Docket 22.

[3] Docket 24.

[4] Docket 25.

[5] Docket 9 at ¶ 48. This order cites to the Amended Petition for Writ of Habeas Corpus at Docket 9, rather than the Petition for Writ of Habeas Corpus at Docket 1.

Petitioner was apprehended by U.S. Immigration and Customs Enforcement ("ICE").[6] On February 5, 2025, an immigration judge in Louisiana "determined that Mr. Alebw had established a reasonable probability of persecution or torture if he were to be removed back to return to Syria, and he was placed in full removal proceedings."[7] On June 27, 2025, an immigration judge ordered Mr. Alebw removed to Syria but concurrently granted the withholding of Mr. Alebw's removal to Syria.[8] Mr. Alebw remained detained; the order became administratively final that day as no appeal was filed at that time.[9]

On January 9, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus in the District Court of the Western District of Louisiana, which was granted on May 12, 2026.[10] The District Court in the Western District of Louisiana ordered that Mr. Alebw's release from detention was warranted under *Zadvydas v. Davis*, 533 U.S. 678 (2001).[11] On or about May 13, 2026, Petitioner relocated to Alaska after being released from detention in the Western District of Louisiana.[12]

---

[6] Docket 9 at ¶ 48.

[7] Docket 9 at ¶ 48.

[8] Docket 9 at ¶ 48; Docket 11-2 at 1-6.

[9] Docket 9 at ¶ 48; Docket 11-2 at 1-6.

[10] Docket 9 at ¶¶ 51-52. In their brief, Federal Respondents emphasize that Petitioner "was only released because his removal to Syria could not be effectuated at that time." Docket 11 at 9 (citing Dockets 11-3 and 11-4).

[11] Docket 11-3 at 4 (citing *Zadvydas*, 533 U.S. at 689-701).

[12] Docket 9 at ¶¶ 48, 52.

Case No. 3:26-cv-00228-SLG, *Alebw v. Hernandez, et al.*
Order on Petition for Writ of Habeas Corpus
Page 2 of 18
Case 3:26-cv-00228-SLG    Document 30    Filed 06/24/26    Page 2 of 18

Meanwhile, according to the Declaration of Acting Unit Chief of the Removal Management Division, Middle East and Europe of ICE Emmanuel Espinal, "[o]n April 4, 2026, the Central African Republic provided diplomatic assurances that the aliens removed from the United States pursuant to this agreement will not be subjected to persecution or torture or any country that the Central African Republic ("CAR") may further transfer them to. On May 4, 2026, the Department of State determined that the diplomatic assurances were credible."[13]

On June 5, 2026, ICE issued a Notice of Revocation of Release regarding Petitioner.[14] The notice stated that "[c]ircumstances have changed such that there is a significant likelihood of removal in the reasonably foreseeable future" and that "ICE has obtained a travel document and scheduled your removal to take place no later than" June 11, 2026.[15] The notice did not indicate to what country Petitioner would be deported.

Petitioner was arrested on June 5, 2026, by ICE officials in Anchorage and provided a copy of the Notice of Revocation of Release.[16] Petitioner had an informal interview on that day and was told that he would be deported to the CAR.[17]

---

[13] Docket 12 at ¶ 5.

[14] Docket 13-1. That notice also stated that Petitioner would be afforded an informal interview on June 5, 2026. Docket 13-1.

[15] Docket 14-1 at 1.

[16] Docket 2 at 4.

[17] Docket 14-1 at 3.

Case No. 3:26-cv-00228-SLG, *Alebw v. Hernandez, et al*.
Order on Petition for Writ of Habeas Corpus
Page 3 of 18

Case 3:26-cv-00228-SLG    Document 30    Filed 06/24/26    Page 3 of 18

Petitioner stated that he has never heard of the CAR, "does not know what to do in that country," and "believes he may be hurt there."[18]

Also on June 5, 2026, Petitioner filed a Motion for Temporary Restraining Order ("TRO"), Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, and Application for Order to Show Cause.[19] That same day, this Court granted Petitioner's Motion for TRO, and enjoined and restrained Respondents from removing Petitioner from the District Alaska.[20] On June 8, 2026, Federal Respondents filed an opposition to the Motion for TRO requesting the Court to dissolve the June 5, 2026 TRO.[21] The Court held a hearing on the Motion for TRO on June 9, 2026.[22]

On June 10, 2026, Petitioner filed an Amended Motion for TRO,[23] and Federal Respondents responded in opposition.[24] That same day, the Court granted the Amended Motion, further enjoining and restraining Respondents from removing Petitioner from the District of Alaska and denying Federal Respondents'

---

[18] Docket 14-1 at 3.

[19] Docket 1; Docket 2; Docket 4.

[20] Docket 6 at 3.

[21] Docket 11.

[22] Docket 15.

[23] Docket 16.

[24] Docket 19.

Case No. 3:26-cv-00228-SLG, *Alebw v. Hernandez, et al.*
Order on Petition for Writ of Habeas Corpus
Page 4 of 18

Case 3:26-cv-00228-SLG     Document 30     Filed 06/24/26     Page 4 of 18

request to dissolve the June 5, 2026 TRO.[25]

On June 10, 2026, Petitioner filed a motion to reopen his immigration case before the immigration court in Louisiana.[26] That same day, Immigration Judge Jaclyn Chapman granted the application for a stay of removal, to remain in effect pending resolution of the motion to reopen.[27] On June 11, 2026, Immigration Judge Chapman granted the motion to reopen "[p]ursuant to the recent decision in East Bay Sanctuary Covenant v. Trump, 2026 WL 1256873 (N.D. Cal. May 7, 2026)."[28]

On June 11, 2026, the Court granted Petitioner's application for an order to show cause.[29] On June 15, 2026, Federal Respondents filed a return on the order to show cause,[30] to which Petitioner replied on June 17. 2026.[31] The Court held a show cause hearing on June 18, 2026.[32] Petitioner is currently being held at Anchorage Correctional Center, of which Respondent Arnaldo Hernandez is the Superintendent.[33]

---

[25] Docket 21.

[26] Docket 17-1.

[27] Docket 20 at 1.

[28] Docket 23-1 at 1.

[29] Docket 22.

[30] Docket 24.

[31] Docket 25.

[32] Docket 26.

[33] Docket 1 at 5; Docket 2 at 1-2.

Case No. 3:26-cv-00228-SLG, *Alebw v. Hernandez, et al*.
Order on Petition for Writ of Habeas Corpus
Page 5 of 18
Case 3:26-cv-00228-SLG    Document 30    Filed 06/24/26    Page 5 of 18

## LEGAL STANDARD

Pursuant to 28 U.S.C. § 2241(c)(3), a district court may grant a writ of habeas corpus when a petitioner is "in custody in violation of the Constitution or laws or treaties of the United States." "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody."[34] Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest."[35] Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction.[36] A writ of habeas corpus is "available to every individual detained within the United States,"[37] and "the Fifth Amendment entitles aliens to due process of law in deportation proceedings."[38]

## DISCUSSION

The Parties agree that, as a matter of statutory law, Petitioner is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(1). The relevant statute provides that in the case of an arriving alien seeking asylum, "[i]f the officer

---

[34] *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).

[35] *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001).

[36] *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

[37] *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2).

[38] *Demore v. Kim*, 538 U.S. 510, 523 (2003).

Case No. 3:26-cv-00228-SLG, *Alebw v. Hernandez, et al*.
Order on Petition for Writ of Habeas Corpus
Page 6 of 18

Case 3:26-cv-00228-SLG    Document 30    Filed 06/24/26    Page 6 of 18

determines at the time of the interview that an alien has a credible fear or persecution . . . the alien shall be detained for further consideration of the application for asylum."[39]  Although Petitioner's application for asylum was initially denied by an immigration judge, because Petitioner's motion to reopen has recently been granted, his order of removal is not administratively final and he remains subject to Section 1225(b)(1)(B)(ii). The sole issue presented is whether, in the circumstances of this case and at this point in time, applying this mandatory detention regime violates Petitioner's due process rights.

"Courts in this circuit and beyond have grappled over what test should be used to determine whether procedural due process requires relief for a noncitizen held pursuant to § 1225(b)."[40]  Some courts have applied the generalized *Mathews v. Eldridge*, 424 U.S. 319 (1976) procedural due process test.[41]  Some courts have followed the district court's analysis in *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1118 (W.D. Wash. 2019) by considering the six factors announced in *Jamal A. v. Whitaker*, 358 F. Supp. 3d 853 (D. Minn. 2019):

> (1) the total length of detention to date; (2) the likely duration of future detention; (3) the conditions of detention; (4) delays in the removal

---

[39] 8 U.S.C. § 1225(b)(1)(B)(ii).

[40] *Salamakhin v. Noem*, Case No. CV-26-00330, 2026 WL 1250296, at *5 (D. Ariz. May 6, 2026).

[41] *See e.g.*, *Henriquez v. Garland*, Case No. 22-cv-869-EJD, 2022 WL 2132919, at *5-6 (N.D. Cal. June 14, 2022).  The *Mathews* test considers (1) "the private interest that will be affected by the official action;" (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards;" (3) the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail." *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976).

Case No. 3:26-cv-00228-SLG, *Alebw v. Hernandez, et al.*
Order on Petition for Writ of Habeas Corpus
Page 7 of 18

proceedings caused by the detainee; (5) delays in the removal proceedings caused by the government; and (6) the likelihood that the removal proceedings will result in a final order of removal.[42]

Other courts have applied the test announced in *Lopez v. Garland*, 631 F. Supp. 3d 870 (E.D. Cal. 2022), which considers a subset of the six *Banda* factors: "the total length of detention to date, the duration of future detention, and the delays in the removal proceedings caused by the petitioner and the government."[43]

The parties analyze the constitutionality of Petitioner's detention under *Banda*,[44] and the Court likewise finds it most appropriate to apply the *Banda* test here. "In an abundance of caution," Petitioner also evaluates his detention under *Mathews*.[45] However, "[w]hile the *Mathews* factors may be well-suited to determining whether due process requires a second bond hearing, they are not particularly probative of whether prolonged mandatory detention has become unreasonable in a particular case."[46] "Put differently, the *Mathews* test is apt where the question is whether an administrative procedure provided is 'constitutionally sufficient,' but '[i]t does not resolve the more fundamental issue of whether any procedure—such as a bond hearing—must be provided.'"[47] Further,

---

[42] *Banda*, 385 F. Supp. 3d at 1118.

[43] *Lopez*, 631 F. Supp. 3d at 879.

[44] Docket 24 at 2-3; Docket 25 at 15-20.

[45] Docket 25 at 15.

[46] *Banda*, 385 F. Supp. 3d at 1118.

[47] *Krylosova Zinaida, Petitioner, v. Todd M Lyons, et al., Respondents.*, Case No. CV-26-02866-PHX-RM (MTM), 2026 WL 1584699, at *2 (D. Ariz. June 3, 2026) (quoting *Id.* at 1106-07).

Case No. 3:26-cv-00228-SLG, *Alebw v. Hernandez, et al*.
Order on Petition for Writ of Habeas Corpus
Page 8 of 18

"*Lopez* concerned a due process challenge to mandatory detention under § 1226(c)," and "the factors enumerated there are, in essence, a truncated version of the factors enumerated in *Banda*, which concerned mandatory detention under § 1225(b)(1)."[48]  Because *Banda* provides the more directly applicable framework for evaluating detention under § 1225(b)(1), the Court applies the *Banda* test here.[49]

### A. Length of Detention

The first *Banda* factor is the length of detention, "which is the most important factor."[50]  When "the length of detention . . . surpasse[s] the rough six-month threshold," "detentions become less and less reasonable."[51]  "In general, as detention continues past a year, courts become extremely wary of permitting continued custody absent a bond hearing."[52]  Here, when Petitioner's detention under to § 1231(a) is included, Petitioner has been detained for over 17 months.[53]

---

[48] *Doe v. Andrews*, Case No. 1:25-CV-00333-JLT-HBK (HC), 2026 WL 797694, at *10 (E.D. Cal. Mar. 23, 2026).

[49] Based on a discussion of the *Banda* factors below, the Court would reach the same conclusion even if it were to consider solely the *Lopez* factors because it finds the first two Lopez factors to weigh in favor of Petitioner and the last factor to be neutral.

[50] *Banda*, 385 F. Supp. 3d at 1118.

[51] *L.B.O.M. v. Hermosillo*, Case No. 2:25-CV-02695-GJL, 2026 WL 266068, at *3 (W.D. Wash. Feb. 2, 2026).

[52] *Gonzalez v. Bonnar*, Case No. 18-cv-5321-JSC, 2019 WL 330906, at *3 (N.D. Cal. Jan. 25, 2019).

[53] Docket 25 at 10 ("From December 28, 2024 to July 27, 2025 plus from June 11, 2026 to June 17, 2026, he was detained for total 219 days pursuant to 8 U.S.C. § 1225(b)(1), and from July 28, 2025 to May 13, 2026 plus from June 5, 2026 to June 10, 2026, he was detained for total 296

Case No. 3:26-cv-00228-SLG, *Alebw v. Hernandez, et al*.
Order on Petition for Writ of Habeas Corpus
Page 9 of 18

Case 3:26-cv-00228-SLG    Document 30    Filed 06/24/26    Page 9 of 18

This is well beyond the six-month threshold, and beyond the length of confinement other courts have found to be prolonged.[54]

Federal Respondents appear to consider only the period during which Petitioner has been detained under § 1225(b)(1).[55] But "[w]hen calculating time spent in detention, courts aggregate nonconsecutive detention periods. The clock does not restart each time that a nonconsecutive detention begins for a noncitizen."[56] Even considering only Petitioner's seven-month detention under § 1225(b)(1), however, "[c]ourts have found detention over seven months without a bond hearing weighs toward a finding that it is unreasonable."[57] Accordingly, the Court finds that this factor weighs in Petitioner's favor.

## B. Likely Duration of Future Detention

The second factor requires the Court to "consider[ ] how long the detention is likely to continue absent judicial intervention; in other words, the anticipated

---

days pursuant to 8 U.S.C. § 1231(a).").

[54] *See, e.g.*, *Gao v. LaRose*, 805 F. Supp. 3d 1106, 1112 (S.D. Cal. 2025) ("The Court finds that Petitioner's detention for over 10 months without a bond hearing, in the context of the specific circumstances described above, has become unreasonable and violates due process."); *Tonoyan v. Andrews*, Case No. 1:25-CV-00815-SKO (HC), 2025 WL 3013684, at *4 (E.D. Cal. Oct. 28, 2025) ("Petitioner has been detained approximately 11 months. This period . . . qualifies as prolonged.").

[55] Docket 24 at 3 ("Petitioner's detention has been over six months.").

[56] *Giorges v. Kaiser*, Case No. 25-CV-07683-NW, 2025 WL 2898967, at *8 n.5 (N.D. Cal. Oct. 10, 2025) (first citing *Nguyen v. Scott*, No. 2:25-CV-01398, 2025 WL 2419288, at *13 (W.D. Wash. Aug. 21, 2025); and then citing *Sied v. Nielsen*, Case No. 17-CV-06785-LB, 2018 WL 1876907, at *6 (N.D. Cal. Apr. 19, 2018)).

[57] *Amado v. United States Dep't of Just.*, Case No. 25CV2687-LL(DDL), 2025 WL 3079052, at *5 (S.D. Cal. Nov. 4, 2025).

Case No. 3:26-cv-00228-SLG, *Alebw v. Hernandez, et al.*
Order on Petition for Writ of Habeas Corpus
Page 10 of 18
Case 3:26-cv-00228-SLG    Document 30    Filed 06/24/26    Page 10 of 18

duration of all removal proceedings—including administrative and judicial appeals."[58]  Here, an immigration judge recently granted Petitioner's motion to reopen his removal proceedings. As the Supreme Court has explained:

> The usual removal process involves an evidentiary hearing before an immigration judge, and at that hearing an alien may attempt to show that he or she should not be removed. Among other things, an alien may apply for asylum on the ground that he or she would be persecuted if returned to his or her home country. § 1229a(b)(4); 8 C.F.R. § 1240.11(c) (2020). If that claim is rejected and the alien is ordered removed, the alien can appeal the removal order to the Board of Immigration Appeals and, if that appeal is unsuccessful, the alien is generally entitled to review in a federal court of appeals. 8 U.S.C. §§ 1229a(c)(5), 1252(a).[59]

Although the Court cannot predict the duration and outcome of those proceedings with certainty, Petitioner's reopened proceedings remain at an early stage and may be followed by administrative and judicial review. The Court therefore finds that Petitioner's detention is likely to continue for a substantial period absent judicial intervention, and this factor weighs in Petitioner's favor.[60]

---

[58] *Banda*, 385 F. Supp. 3d at 1119 (internal quotation marks omitted).

[59] *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020).

[60] *See, e.g.*, *Arido-Sorro v. Garland*, Case No. 23-cv-0842-PHX-JAT, 2024 WL 4393264, at *4 (D. Ariz. Sept. 5, 2024), report and recommendation adopted, 2024 WL 4834413 (D. Ariz. Nov. 20, 2024) ("Courts have recognized that the possibility of prolonged appeals weighs in favor of finding that continued detention without a bond hearing violates due process."); *Loba L.M. v. Andrews*, Case No. 1:25-cv-00611-JLT-SAB-HC, 2025 WL 2939178, at *6 (E.D. Cal. Oct. 16, 2025), report and recommendation adopted, 2025 WL 3187577 (E.D. Cal. Nov. 14, 2025) (finding that "[a]lthough future events are difficult to predict, the Court nevertheless finds that the pending appeal before the BIA and possible remand to the immigration court for further proceedings or possible judicial review by the Ninth Circuit will be sufficiently lengthy such that this factor weighs in favor of Petitioner"); *Arechiga v. Archambeault*, Case No. 2:23-CV-00600-CDS-VCF, 2023 WL 5207589, at *4 (D. Nev. Aug. 11, 2023) ("It is anyone's guess how long it will take the BIA to reconsider [the] petition ... or how long subsequent appeals of that decision might take.").

Case No. 3:26-cv-00228-SLG, *Alebw v. Hernandez, et al.*
Order on Petition for Writ of Habeas Corpus
Page 11 of 18
Case 3:26-cv-00228-SLG    Document 30    Filed 06/24/26    Page 11 of 18

## C. Conditions of Detention

The third factor requires the Court to consider the conditions of Petitioner's confinement.[61] "The more that the conditions under which the noncitizen is being held resemble penal confinement, the stronger his argument that he is entitled to a bond hearing."[62]

Here, Petitioner states, and Federal Respondents do not refute, that he is "not allowed to exercise in a gym, to go for a walk in the yard, or to watch TV"; that he is only "allowed to be out of the cell for 20-30 min[utes] a day"; that he "was provided with one set of clothes (pants, coat, boxers, socks)" when he was detained and his "requests for at least fresh boxers are ignored"; and that "[a]dditional to diabetes, high blood pressure, constant toothache, and psoriasis," Petitioner is "suffering from digestive problems," he "feel[s] nauseous, and "there is blood in [his] urine and stool."[63] Based on Petitioner's unrefuted averments that the conditions of his detention are highly restrictive and that his physical condition has deteriorated during his detention, the Court finds that the third *Banda* factor weighs his favor.

## D. Delays in Removal Proceedings

Next, the Court considers the "fourth and fifth [*Banda*] factors—both [of]

---

[61] *Banda*, 385 F. Supp. 3d at 1119.

[62] *Id.* (internal alteration marks omitted).

[63] Docket 25-5 at 2.

Case No. 3:26-cv-00228-SLG, *Alebw v. Hernandez, et al*.
Order on Petition for Writ of Habeas Corpus
Page 12 of 18

which consider delays caused by the parties—together."[64]

The fourth factor requires the Court to consider the nature and extent of any delays caused by Petitioner. Federal Respondents contend that "[t]he delay in [Petitioner's] removal is solely attributable to the Petitioner" because "[h]e is the one seeking further litigation at the Immigration Court," "he initiated this Petition" and "he could have applied for voluntary departure" when "he was ordered removed, but [his] removal to Syria was withheld."[65] However, "Petitioner is entitled to raise legitimate defenses to removal . . . and such challenges to his removal cannot undermine his claim that detention has become unreasonable."[66] Here, where an immigration judge granted Petitioner's motion to reopen his removal proceedings, Petitioner's pursuit of that relief does not weigh against him. Nor do Federal Respondents cite any authority suggesting that Petitioner was required to seek voluntary departure or that his failure to do so constitutes a delay attributable to him. Accordingly, the Court finds that this factor is neutral.

---

[64] *Maliwat v. Scott*, Case No. 2:25-CV-00788-TMC, 2025 WL 2256711, at *6 (W.D. Wash. Aug. 7, 2025).

[65] Docket 24 at 3.

[66] *Martinez v. Clark*, Case No. C18-1669-RAJ-MAT, 2019 WL 5968089, at *10 (W.D. Wash. May 23, 2019), report and recommendation adopted, No. 18-CV-01669-RAJ, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (quoting *Liban M.J. v. Sec'y of Dep't of Homeland Sec.*, 367 F. Supp. 3d 959, 965 (D. Minn. 2019)); *see also Hernandez v. Decker*, Case No. 18-5026, 2018 WL 3579108, at *9 (S.D.N.Y. July 25, 2018) ("[T]he mere fact that a noncitizen opposes his removal is insufficient to defeat a finding of unreasonably prolonged detention, especially where the Government fails to distinguish between bona fide and frivolous arguments in opposition.").

Case No. 3:26-cv-00228-SLG, *Alebw v. Hernandez, et al.*
Order on Petition for Writ of Habeas Corpus
Page 13 of 18
Case 3:26-cv-00228-SLG    Document 30    Filed 06/24/26    Page 13 of 18

The fifth factor considers the delays in removal caused by the government.[67] "[I]f immigration officials have caused delay, it weighs in favor of finding continued detention unreasonable . . . Continued detention will also appear more unreasonable when the delay in the proceedings was caused by the immigration court or other non-ICE government officials."[68] Although Petitioner notes that Federal Respondents "initiated Mr. Alebw's removal to the Central African Republic only after the district court in Louisiana ordered his release from ICE custody,"[69] the record does not establish that Federal Respondents caused any material delay in the removal proceedings. Accordingly, the Court finds that this factor is neutral.

### E. Likelihood of Removal

The final Banda factor requires the Court to consider "the likelihood that the final proceedings will culminate in a final order of removal."[70] "[W]here a noncitizen has asserted a good faith challenge to removal, 'the categorical nature of the detention will become increasingly unreasonable.'"[71]

Here, an immigration judge has determined that Petitioner had established

---

[67] *Banda*, 385 F. Supp. 3d at 1120.

[68] *Djelassi v. ICE Field Off. Dir.*, 434 F. Supp. 3d 917, 931 (W.D. Wash. 2020) (quoting *Sajous v. Decker*, Case No. 18-2447, 2018 WL 2357266, at *11 (S.D.N.Y. May 23, 2018)).

[69] Docket 25 at 20.

[70] *Banda*, 385 F. Supp. 3d at 1120.

[71] *Id.* (quoting *Sajous*, 2018 WL 2357266, at *11).

Case No. 3:26-cv-00228-SLG, *Alebw v. Hernandez, et al.*
Order on Petition for Writ of Habeas Corpus
Page 14 of 18

Case 3:26-cv-00228-SLG    Document 30    Filed 06/24/26    Page 14 of 18

"a reasonable probability of persecution or torture if he would be forced to return to Syria."[72] And while he was later ordered removed, his removal to Syria was withheld and most recently his motion to reopen was granted "[p]ursuant to the recent decision in East Bay Sanctuary Covenant v. Trump, 2026 WL 1256873 (N.D. Cal. May 7, 2026)."[73] "While it remains unclear how an [immigration judge] will eventually rule, Petitioner has so far presented a defense which reduces the likelihood of a final removal order."[74] Thus, the Court finds this factor slightly favors Petitioner.

Because four of the *Banda* factors favor Petitioner and the remaining two factors are neutral, the Court finds that Petitioner's prolonged detention under § 1225(b)(1) without a bond hearing has become unreasonable so as to constitute a violation of procedural due process.

## F. Remedy

Petitioner "asserts that immediate release, rather than a bond hearing, is warranted here, in light of his previous release, his compliance on said release, and bad faith on the part of the government."[75] However, courts in this Circuit have found that "[w]hen the Court determines that a petitioner's detention under §

---

[72] Docket 9 at 11.

[73] Docket 23-1 at 1.

[74] *Zarei v. LaRose*, Case No. 26-CV-0308-GPC-MMP, 2026 WL 252585, at *6 (S.D. Cal. Jan. 30, 2026) (finding that the likelihood of removal factor favored the petitioner where he had alleged persecution in his country of origin and the government had found his fear credible).

[75] Docket 29 at 8.

Case No. 3:26-cv-00228-SLG, *Alebw v. Hernandez, et al*.
Order on Petition for Writ of Habeas Corpus
Page 15 of 18
Case 3:26-cv-00228-SLG    Document 30    Filed 06/24/26    Page 15 of 18

1225(b) has become unreasonably prolonged in violation of due process, the proper remedy is a bond hearing," rather than immediate release.[76]  Although a bond hearing is ordinarily "sufficient to rectify the violation of [a] [p]etitioner's unlawful detention," courts have ordered immediate release in limited circumstances where a petitioner's "lack of criminal history, strong family ties to the United States, and long duration of residency all support his immediate release."[77]  The Court is not persuaded that those limited circumstances are present here.  Petitioner's recent prior release and compliance with the terms of his release may be relevant to the immigration judge's assessment of flight risk and dangerousness, but they do not establish that a bond hearing would be an inadequate remedy.  The Court, therefore, finds that Petitioner is entitled to an individualized bond hearing should he so request it.  The Court further finds that, at such hearing, "the government must prove by clear and convincing evidence that an alien is a flight risk or a danger to the community to justify denial of bond"

---

[76] *Galkin v. Scott*, Case No. 2:26-CV-00530-TLF, 2026 WL 632663, at *5 (W.D. Wash. Mar. 6, 2026); *see also Lopez*, 631 F. Supp. 3d at 882 ("The Court finds, consistent with other post-*Jennings* cases, that the appropriate remedy is a bond hearing before an immigration judge rather than immediate release."); *Abdul-Samed v. Warden of Golden State Annex Det. Facility*, Case No. 1:25-CV-00098-SAB-HC, 2025 WL 2099343, at *9 (E.D. Cal. July 25, 2025); *Derbew v. Larose*, Case No. 26-CV-2803 JAO (DEB), 2026 WL 1468308, at *3 (S.D. Cal. May 22, 2026) ("Generally, courts in this district have favored ordering a bond hearing over immediate release.").

[77] *Moctezuma v. Henkey*, No. 1:25-CV-00741-BLW, 2026 WL 18809, at *5 (D. Idaho Jan. 2, 2026) (granting immediate release of noncitizen detained under § 1225 because he had lived in the United States since 1997, had three U.S. citizen children, and had no criminal history).

Case No. 3:26-cv-00228-SLG, *Alebw v. Hernandez, et al.*
Order on Petition for Writ of Habeas Corpus
Page 16 of 18

and that the bond hearing must comport with the other requirements of *Singh v. Holder*, 638 F.3d 1196, 1208 (9th Cir. 2011).

**CONCLUSION**

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. The Petition for Writ of Habeas Corpus at Docket 1 is **GRANTED IN PART** as to Petitioner's procedural due process claim and **DENIED** in all other respects.

2. Within **seven (7) days** of Petitioner's written request for a bond hearing, Federal Respondents shall provide Petitioner with an individualized bond hearing before a neutral immigration judge at which Petitioner shall be permitted to appear and participate, either in person or by contemporaneous video conference. The bond hearing shall comply with the requirements set forth in *Singh v. Holder*, 638 F.3d 1196 (9th Cir. 2011), and "the government must prove by clear and convincing evidence that [Petitioner] is a flight risk or a danger to the community to justify denial of bond."[78] In the event Petitioner is "determined not to be a danger to the community and not to be so great a flight risk as to require detention without bond," the immigration judge shall consider Petitioner's financial circumstances and alternative conditions of release.[79] In the alternative, Federal

---

[78] *Singh*, 638 F.3d at 1203.

[79] *Hernandez v. Sessions*, 872 F.3d 976, 1000 (9th Cir. 2017).

Case No. 3:26-cv-00228-SLG, *Alebw v. Hernandez, et al.*
Order on Petition for Writ of Habeas Corpus
Page 17 of 18
Case 3:26-cv-00228-SLG    Document 30    Filed 06/24/26    Page 17 of 18

Respondents may immediately release Petitioner under appropriate conditions of release.

3. Federal Respondents shall file a notice of compliance within **two (2) days** of Petitioner's bond hearing or release. The notice of compliance shall state the result of Petitioner's bond hearing.

DATED this 24th day of June, 2026, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:26-cv-00228-SLG, *Alebw v. Hernandez, et al*.
Order on Petition for Writ of Habeas Corpus
Page 18 of 18

Case 3:26-cv-00228-SLG    Document 30    Filed 06/24/26    Page 18 of 18